UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CARLOS VARGAS-ISIDORO,

     Petitioner,

v.                                                                    No. 1:25-CV-252-H

MARKWAYNE MULLIN, et al.,[1]

     Respondents.

## ORDER

The petitioner, Carlos Vargas-Isidoro, filed a 76-page habeas petition last November challenging his detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1.[2] Today, the respondents filed their notice of intent to remove Vargas-Isidoro. Dkt. No. 13. The notice states that Vargas-Isidoro is now subject to a final order of removal. *Id.* at 1–2. He is thus subject to detention during the 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). And "[d]uring the removal period, detention is mandatory." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Because Vargas-Isidoro's detention is indisputably mandatory for the duration of the removal period, and because he does not contest his removability, the Court dismisses his petition (Dkt. No. 1) as moot.

---

[1] Markwayne Mullin replaced Kristi Noem as Secretary of Homeland Security on March 26, 2026. Thus, he is automatically substituted as a party to this action. *See* Fed. R. Civ. P. 25(d).

[2] The Fifth Circuit recently upheld mandatory detention via Section 1225, holding that aliens like Vargas-Isidoro who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

So ordered on April 9, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE